The Attorney General has asked the Court for an advisory opinion as to whether the financial impact statement prepared by the Financial Impact Estimating Conference on the constitutional amendment, proposed by initiative petition, entitled “Repeal of the High Speed Rail Amendment,” is in accordance with section 100.371, Florida Statutes. The financial impact statement provides as follows:
Passage of this amendment could result in state cost savings ranging from $42 billion to $51 billion over the next 30 years, based on the statewide system currently defined in law. This estimate assumes the repeal of associated laws and could be reduced by federal or private sector funding. The estimated 30 year impact equates to average cost savings of between $4,700 and $5,700 per Florida household, or $157 to $190 per year.
*629 Article XI, section 5, Florida Constitution, addresses financial impact statements and provides as follows in relevant part:
(b) The legislature shall provide by-general law, prior to the holding of an election pursuant to this section, for the provision of a statement to the public regarding the probable financial impact of any amendment proposed by initiative pursuant to section 3.
(Emphasis added.) Pursuant to article XI, section 5(b), the Legislature amended section 100.371(6)(a), Florida Statutes, which provides as follows in relevant part:
[T]he Financial Impact Estimating Conference shall complete an analysis and financial impact statement to be placed on the ballot of the estimated increase or decrease in any revenues or costs to state or local governments resulting from the proposed initiative.
Ch.2004-33, § 3, Laws of Fla. (emphasis added). Further, the Legislature amended section 100.371(6)(b), Florida Statutes, which provides as follows in relevant part:
3. Principals of the Financial Impact Estimating Conference shall reach a consensus or majority concurrence on a clear and unambiguous financial impact statement, no more than 75 words in length, and immediately submit the statement to the Attorney General. Nothing in this subsection prohibits the Financial Impact Estimating Conference from setting forth a range of potential impacts in the financial impact statement. ...
Ch.2004-33, § 3, Laws of Fla. (emphasis added). Reading section 100.371(6)(b)(3) in conjunction with section 100.371(6)(a), as well as with article XI, section 5(b), Florida Constitution, the phrase “range of potential impacts” in section 100.371(6)(b)(3) must relate to the phrase “probable financial impact” set forth in the constitution and also must relate to the phrase “to state or local governments” set forth in section 100.371(6)(a).
The Court finds that the first and third sentences in the financial impact statement do not comply with section 100.371(6), Florida Statutes, as amended by chapter 2004-33, section 3, Laws of Florida. Due to the use of the word “could” in the first sentence, the financial impact of the amendment is not expressed in terms of the “probable financial impact.” Further, because the financial impact is expressed in terms of average cost savings “per Florida household” in the third sentence, the financial impact statement goes beyond addressing “revenues or costs to state or local governments.” The Court remands the statement to the Financial Impact Estimating Conference (“Conference”) for redrafting pursuant to section 100.371(6)(d)(l). In submitting any redraft, we direct the attention of both the Conference and the Attorney General to the time constraints in amended section 100.371(6)(b)(4).
No motion for rehearing will be allowed.
PARIENTE, C.J., and ANSTEAD, LEWIS and CANTERO, JJ., concur.
QUINCE, J., concurs in result only with an opinion.
BELL, J., concurs in result only.
WELLS, J., dissents with an opinion.